UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

In re:　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　STEPHANIE GEORGEAN DITTMAIER,　　)
　　　　　　　　　　　　　　　　　　　)
　　　Debtor,　　　　　　　　　　　　)
_____　　)
　　　　　　　　　　　　　　　　　　　)
STEPHANIE GEORGEAN DITTMAIER,　　　)
　　　　　　　　　　　　　　　　　　　)
　　　Appellant,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　)
　　　vs.　　　　　　　　　　　　　　)　　Case No. 4:14-CV-883 (CEJ)
　　　　　　　　　　　　　　　　　　　)
DAVID SOSNE, Trustee,　　　　　　　 )
　　　　　　　　　　　　　　　　　　　)
　　　Appellee.　　　　　　　　　　　 )
　　　　　　　　　　　　　　　　　　　)

**MEMORANDUM**

This matter is before the court on appeal from a bankruptcy court order granting the trustee's motion to compel turnover of funds received by the debtor. The issues are fully briefed.

I.　**Background**

The relevant facts in this matter are not in dispute. On February 12, 2013, debtor filed a voluntary petition for relief under Chapter 13 of the bankruptcy code, which was later converted to a case under Chapter 7. Before she filed her petition,[1] debtor received a refund for her 2012 federal and state income taxes in the amount of $7,965.00; of that amount, $5,891.00 was an earned income tax credit (EIC), $1,707.00 was a child tax credit, and $187.00 was a state tax refund. The refund was

---

[1]Debtor states that the funds were applied to her debit card on February 12, 2013, before she filed her petition, and that she was unaware of the deposit at the time she filed.

deposited to a prepaid debit card obtained for the exclusive purpose of receiving the 2012 refund.

The trustee moved to compel debtor to turn over $7,868.03, the balance on the debit card on the date of the petition. Debtor opposed the motion, claiming various state-law exemptions.[2] On February 27, 2014, the bankruptcy court granted the motion in part, directing debtor to turn over $4,968.03. The court found that debtor was entitled to a homestead exemption in the amount of $2,300.00, under § 513.440, Mo.Rev.Stat.,[3] and a "wild card exemption" in the amount of $600, under § 513.430.1(3).[4] The court rejected debtor's argument that she was entitled to an exemption for the amount of the earned income tax credit under § 513.430.1(10)(a). Debtor moved for reconsideration, which the bankruptcy court denied on April 17, 2014.

In this appeal, debtor contends that the bankruptcy court erred in concluding that the earned income credit was not exempt as a public assistance benefit under § 513.430.1(10)(a).

## II. Jurisdiction and Legal Standard

---

[2]Debtor claimed a homestead exemption in the amount of $2,650.00 under § 513.440, Mo.Rev.Stat.; a "wild card" exemption in the amount of $600.00 under § 513.430.1(3); and a "public benefit" exemption in the amount of $4,175.00 under § 513.430.1(10)(a).

[3]Section § 513.440 allows a debtor to exempt $1,250.00 plus $350.00 for each dependent child. At the time she filed her petition, debtor had three children. The bankruptcy court disallowed an exemption for debtor's fourth child, who was born after the petition was filed. Debtor does not contest the court's application of § 513.440 to disallow an exemption for this child.

[4]Section 513.430.1(3) permits exemption of "[a]ny other property of any kind, not to exceed in value six hundred dollars in the aggregate."

This court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a)(1). Debtor filed a timely notice of appeal on April 23, 2014, and the trustee filed an election to have the appeal heard by the district court, as provided in 28 U.S.C. § 156(c)(1) and Fed. R. of Bankr. P. 8001(e).

"When a bankruptcy court's judgment is appealed to the district court, the district court acts as an appellate court and reviews the bankruptcy court's legal determinations de novo and findings of fact for clear error." Fix v. First State Bank of Roscoe, 559 F.3d 803, 808 (8th Cir. 2009) (citation omitted). Determinations regarding equitable relief are reviewed for abuse of discretion. In re Nat'l Warranty Ins. Risk Retention Group, 384 F.3d 959, 962 (8th Cir. 2004). "An abuse of discretion occurs when a relevant factor that should have been given significant weight is not considered, when an irrelevant or improper factor is considered and given significant weight, or when all proper and no improper factors are considered, but the court in weighing those factors commits a clear error of judgment." Id. (citation omitted). "A court's decision will not be disturbed as long as it is within the range of discretion afforded to a given determination and is not influenced by a mistake of law." Id. (internal quotation and citation omitted).

III. Discussion

Under the provisions of the federal Bankruptcy Code, when a debtor files for bankruptcy, an estate is created. 11 U.S.C. § 541(a). A debtor's anticipated tax refund -- including the earned income tax credit -- is part of the bankruptcy estate. In re Benn, 491 F.3d 811, 813 (8th Cir. 2007) (portion of anticipated tax refund attributable to events occurring prior to filing of bankruptcy petition is part of estate); In re Corbett, No. 13-60042, 2013 WL 1344717, at *1 (Bankr. W.D. Mo. Apr. 2, 2013)

(portion of tax refund attributable to EIC is property of estate); see also In re Demars, 279 B.R. 548, 550 (Bankr. W.D. Mo. 2002) (discussing legal authority for finding the EIC is a tax refund).

The bankruptcy code provides an exemption scheme in section 522(d) through which debtors may exempt enumerated property from the estate. In re McCollum, 287 B.R. 750, 752 (Bankr. E.D. Mo. 2002). The code also authorizes states to "opt out" of the federal exemptions. § 522(b)(2). Missouri has done so and allows debtors to exempt from the estate any property that is exempt from attachment and execution under Missouri state law. § 523.417, Mo.Rev.Stat.[5] "Missouri's exemption statutes are liberally construed." In re Goertz, 202 B.R. 614, 618 (Bankr. W.D. Mo. 1996) (quoting Murray v. Zuke, 408 F.2d 483 (8th Cir. 1969)). Nonetheless, a court must be careful not to depart substantially from the express language of the exemption statute or to extend the legislative grant as expressed by Congress or state legislatures. In re Collett, 253 B.R. 452, 454 (Bankr. W.D. Mo. 2000) (disallowing exemption under Missouri statute).

At issue in this appeal is the exemption set forth at § 513.430.1 (10)(a), which exempts a "person's right to receive . . . [a] Social Security benefit, unemployment

---

[5]Section 523. 417 provides:

Every person by or against whom an order is sought for relief under Title 11, United States Code, shall be permitted to exempt from property of the estate any property that is exempt from attachment and execution under the law of the state of Missouri or under federal law, other than Title 11, United States Code, Section 522(d), and no such person is authorized to claim as exempt the property that is specified under Title 11, United States Code, Section 522(d).

-4-

compensation or a public assistance benefit."[6] (emphasis added). "The key provision . . . is the 'right to receive' a benefit. In re McCollum, 287 B.R. at 753. Under both Missouri and federal law, the "right to receive" a benefit is "deemed to have been extinguished" when the benefit has already been received by the debtor before the bankruptcy case was filed. Id. Thus, a debtor who cashed out her retirement accounts before filing her petition was not entitled to exempt those funds under § 513.430.1(10)(e), which exempts a person's "right to receive . . . any payment under a . . . . pension plan." Id. Similarly, a debtor is not entitled to exempt lump-sum payments of disability or worker's compensation benefits received before bankruptcy under the federal exemption for the "right to receive" benefits. In re Chapman, 177 B.R. 161, 162 (Bankr. D. Conn. 1994) (disability benefits received pre-petition not eligible for exemption under 11 U.S.C. § 522(d)(10)(C)); In re Michael, 262 B.R. 296, 298 (Bankr. M.D. Penn. 2001) (pre-petition workers' compensation benefits not eligible for exemption). Because she received the EIC before she filed her petition, under the plain language of § 513.430.1(10), debtor did not have a "right to receive . . . a public benefit." See In re Austin, No. 14-70299, 2014 WL 3695370, at *3 (Bankr. C.D. Ill. July 24, 2014) (Illinois state exemption for right to receive public assistance benefits does not apply to EIC received before petition filed).

Debtor argues that the court must consider the totality of the legislation in determining whether her right to an exemption was extinguished merely because she

---

[6]Prior to August 28, 2012, § 513.430.1(10)(a) permitted debtors to exempt a right to receive "A Social Security benefit, unemployment compensation or a local public assistance benefit." (emphasis added). Because the EIC was not a "local" public assistance benefit, debtors were not entitled to claim an exemption under this section. Demars, 279 B.R. at 552. The Missouri legislature has since amended the statute to remove the word "local." Corbett, 2013 WL 1344717, at *1.

received the EIC before she filed her petition. Section 513.430.1(10) exempts a "right to receive" benefits, while § 513.430.1(11), exempts a "right to receive, <u>or property that is traceable to</u>" certain payments. (emphasis added). Because the Missouri legislature drafted "distinct exemption provisions for different types of assets, it must be presumed that the legislature acted intentionally and meant what it said." <u>In re Austin</u>, 2014 WL 3695370, at *3 (discussing parallel Illinois exemptions); <u>see also In re</u> <u>McCollum</u>, 287 B.R. at 754 (differences between exemptions for "right to receive" and "right to receive, or property that is traceable to" show that Missouri legislature intended not to exempt benefits received before the petition was filed). Thus, debtor's arguments regarding legislative intent and public policy are not well-founded.

The plain language of § 513.430.1(10)(a) establishes that debtor is not entitled to the exemption she seeks.

IV. **Conclusion**

Based upon the foregoing, the Court concludes that United States Bankruptcy Court for the Eastern District of Missouri correctly ruled that debtor is not entitled to an exemption under § 513.430.1(10)(a) for the earned income credit received before she filed her petition. Therefore, the order will be affirmed.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2015.